**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **GIUMARRA AGRICOM INTERNATIONAL, LLC, a California limited liability company,**<br><br>                **Plaintiff,**<br>**v.**<br><br>**FRESH GROWERS DIRECT, INC., a New York corporation, and YUSUFOV YUVAL, an individual,**<br><br>                **Defendants.** | **Case No.  1:17-cv-2222** |

## COMPLAINT

Plaintiff, Giumarra Agricom International, Inc. initiates commences this lawsuit to enforce its rights under the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. §§499a-t and federal common law against Defendants.

## PARTIES

1.      Plaintiff is Giumarra Agricom International, LLC ("Giumarra"), a California limited liability company with its principal place of business located in Escondido, California.

2.      Defendants are:

   a)      Fresh Growers Direct, Inc., a New York corporation with its offices located in Brooklyn, New York and Visalia, California ("Fresh Growers").

   b)      Yusufov Yuval ("Yuval"), an individual who, upon information and belief, resides in this district.

## JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 because Giumarra's claims arise under the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. §499e(b)(2) and 7 U.S.C. §499e(c)(5).

4.    28 U.S.C. §1367(a) provides this Court with supplemental jurisdiction over Giumarra's other claims.

## VENUE

5.    Venue in this District is proper under 28 U.S.C. §1391(b), because a substantial part of the events and omissions underlying this lawsuit occurred in this District, and the property that is the subject of this action is located here.

## GENERAL ALLEGATIONS

6.    On January 6, 2016, February 11, 2016, and February 26, 2016, Giumarra and Fresh Growers entered into contracts in which Giumarra agreed to sell, in interstate commerce, at Fresh Growers' request certain quantities and types of perishable agricultural commodities ("produce") for which Fresh Growers agreed to pay Giumarra the total amount of $31,040.00.

7.    Fresh Growers accepted the produce from Giumarra without objections.

8.    Giumarra issued and forwarded to Fresh Growers invoices reflecting the agreed upon quantity and amounts owed by Fresh Growers.

9.    Giumarra's invoices to Fresh Growers included additional terms and conditions for payment of attorneys' fees, costs, and pre-judgment interest accruing at the rate of 18% per annum.

10.    Fresh Growers failed to pay for the produce sold to it by Giumarra.

11.    Prior to its transactions with Giumarra, Fresh Growers agreed in writing to pay all costs of collection, including attorneys' fees and pre-judgment interest accruing at the rate of 18% per annum.

## CLAIMS FOR RELIEF

### COUNT I:  FRESH GROWERS

### BREACH OF CONTRACT

12.     Giumarra re-alleges ¶¶1 through 11.

13.     As detailed in ¶6, Giumarra entered into contracts with Fresh Growers for the purchase and sale of produce.

14.     Fresh Growers breached the contracts by failing to pay Giumarra for the produce.

15.     Giumarra fully performed all conditions precedent to the agreed contracts.

16.     Giumarra has incurred damages resulting from Fresh Growers' breach of contract in the amount of $31,040.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Giumarra seeks entry of a judgment in its favor and against Fresh Growers in the amount of $31,040.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

### COUNT II:    DEFENDANTS

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
*7 U.S.C. §499e(c)*

17.     Giumarra re-alleges ¶¶1 through 16.

18.     As detailed in ¶6, Giumarra entered into contracts with Fresh Growers for the purchase and sale of produce in interstate commerce.

19.     During the transactions at issue, Fresh Growers was a commission merchant, dealer, or broker subject to PACA, 7 U.S.C. §§499a-t, and held a PACA license (number 20150596) issued by the United States Department of Agriculture ("USDA").

20.     Giumarra is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and held a valid PACA license (number 20081992) issued by the USDA during the transactions at issue.

21.     Under PACA, 7 U.S.C. §499e(c), at the time Fresh Growers received and accepted the produce at issue, it became a trustee of the PACA trust in the amount of $31,040.00 for Giumarra's benefit.

22.     In accordance with 7 U.S.C. §499e(c)(4), Giumarra preserved its rights as a PACA trust beneficiary of Fresh Growers by including the statutory statement on the face of its invoices, and by timely sending the invoices to Fresh Growers.

23.     Fresh Growers failed to pay for the produce sold to it by Giumarra.

24.     Giumarra is an unpaid supplier and seller of produce and is entitled to PACA trust protection and payment from Fresh Growers' assets subject to the PACA trust.

For these reasons, Giumarra seeks entry of an Order declaring that it holds a valid PACA trust claim in the amount of $31,040.00 against Fresh Growers, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT III:   FRESH GROWERS

### ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS
*7 U.S.C. § §499e(c)*

25.     Giumarra re-alleges ¶¶1 through 24.

26.     The *res* of the PACA trust includes Fresh Growers' inventories of Produce, food or products derived from produce ("products"), accounts receivable, proceeds of the sale of produce or products ("proceeds"), and assets commingled with, purchased with, or otherwise acquired with the proceeds.   Assets subject to the PACA trust are collectively referred to as "PACA Trust Assets."

27.     Fresh Growers is in possession, custody, and control of PACA Trust Assets that must be held for Giumarra's benefit.

28.     Fresh Growers failed to use the PACA Trust Assets to pay Giumarra for the sale of produce described in ¶6.

29.     As a result, Giumarra has suffered damages in the amount of $31,040.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Giumarra seeks an Order directing Fresh Growers to immediately pay to Giumarra, as a PACA trust beneficiary, PACA Trust Assets equal to the sum of $31,040.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT IV:  FRESH GROWERS

### FAILURE TO MAINTAIN PACA TRUST ASSETS AND CREATION OF COMMON FUND
*7 U.S.C. §499b(4)*

30.     Giumarra re-alleges ¶¶1 through 29.

31.     Fresh Growers received or controlled the disposition of the produce shipments described in ¶6.

32.     PACA requires Fresh Growers, as a PACA trustee, to hold the PACA Trust Assets in trust for Giumarra's benefit and all other unpaid suppliers of produce with valid PACA trust claims (if any exist), until all have been paid in full.

33.     Fresh Growers failed to maintain sufficient PACA Trust Assets to fully satisfy all valid PACA trust claims, including Giumarra's claim asserted in this lawsuit.

34.     Giumarra has suffered damages resulting from Fresh Growers' failure to maintain and protect the PACA Trust Assets from dissipation in the amount of $31,040.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Giumarra seeks creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order:

    i.       Directing Fresh Growers to maintain PACA Trust Assets in the amount of $31,040.00, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA Trust claims;

    ii.      Directing Fresh Growers to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims; and

    iii.     Enjoining Fresh Growers from dissipating PACA Trust Assets.

## COUNT V:   FRESH GROWERS

### FAILURE TO PAY PROMPTLY
#### *7 U.S.C. §499b(4)*

35.      Giumarra re-alleges ¶¶1 through 34.

36.      Fresh Growers purchased and received the shipments of produce described in ¶6.

37.      In accordance with PACA, 7 C.F.R. §46.2(aa), Fresh Growers must tender full payment promptly to its unpaid suppliers of produce.

38.      Fresh Growers failed to pay for the produce supplied by Giumarra within the payment terms.

39.      Giumarra has incurred damages resulting from Fresh Growers' failure to pay promptly in the amount of $31,040.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Giumarra seeks an Order directing Fresh Growers to immediately pay Giumarra the sum of $31,040.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

## COUNT VI:  YUVAL

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

40.      Giumarra re-alleges ¶¶1 through 39.

41.     During the transactions at issue, Yuval was an officer, director, shareholder, principal, or employee of Fresh Growers.

42.     Yuval controlled, or was in a position to control Fresh Growers' PACA Trust Assets.

43.     Yuval had full knowledge and responsibility for Fresh Growers' operations and financial dealings.

44.     Yuval had duties to ensure that Fresh Growers fulfilled its duties as trustee of the PACA trust.

45.     Specifically, Yuval had fiduciary duties to ensure that Fresh Growers maintain sufficient PACA Trust Assets to pay all PACA trust beneficiaries as their claims became due.

46.     Fresh Growers breached its fiduciary duty as PACA trustee to maintain sufficient PACA Trust Assets.

47.     Yuval breached his fiduciary duties by failing to ensure that Fresh Growers fulfilled its duties as PACA trustee.

48.     Yuval's breach of his fiduciary duties has resulted in damages to Giumarra in the amount of $31,040.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

For these reasons, Giumarra seeks entry of a judgment in its favor and against Yuval in the amount of $31,040.00, plus interest from the date each invoice became past due, attorneys' fees, and costs, less any monies Giumarra receives from the PACA Trust Assets.

## COUNT VII: YUVAL

### UNLAWFUL RETENTION OF PACA TRUST ASSETS

49.     Giumarra re-alleges ¶¶1 through 48.

50.     Upon information and belief, Fresh Growers transferred PACA Trust Assets to Yuval.

51.     Any transfers of PACA Trust Assets by Fresh Growers to Yuval are a breach of the PACA trust.

52.     Yuval must hold any PACA Trust Assets having come into his possession or control as trustee for Giumarra's benefit.

53.     Because Yuval received and retained PACA Trust Assets from Fresh Growers, Giumarra has suffered damages in the amount of $31,040.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies it receives from the PACA Trust Assets.

For these reasons, Giumarra seeks entry of an Order directing Yuval to disgorge any PACA Trust Assets in his possession or control to Giumarra to the extent of $31,040.00, plus interest from the date each invoice became past due, attorneys' fees, and costs, less any monies Giumarra receives from the PACA Trust Assets.

## COUNT VIII:  YUVAL

## BREACH OF PERSONAL GUARANTEE

54.     Giumarra re-alleges ¶¶1 through 53.

55.     Yuval personally guaranteed all obligations incurred by Fresh Growers to Giumarra, including all obligations arising from Giumarra's unpaid produce sales at issue. See, Exhibit "A."

56.     Yuval's continuing failure and refusal to pay Giumarra any portion of the $31,040.00 due and owing to Giumarra for the produce accepted by Fresh Growers constitutes a material breach of the guaranty.

57.     As a direct and proximate result of Yuval's continuing material breach of the guaranty, Giumarra has suffered, and is continuing to suffer, damages.

58.     Giumarra seeks entry of a judgment in its favor and against Yuval in the amount of $31,040.00, plus interest from the date each invoice became past due, costs, and attorneys' fees.

**FOR THESE REASONS,** Giumarra requests:

A.     On Count I, entry of Final Judgment in Giumarra's favor and against Fresh Growers, in the amount of $31,040.00, plus interest from the date each invoice became past due, costs, and attorneys' fees;

A.     On Count II, an Order declaring that Giumarra holds a valid PACA trust claim in the amount of $31,040.00 against Fresh Growers, and that its valid PACA trust claim includes interest from the date each invoice became past due, costs, and attorneys' fees;

B.     On Count III, an Order directing Fresh Growers to immediately pay to Giumarra PACA Trust Assets equal to the sum of $31,040.00, plus interest from the date each invoice became past due, costs, and attorneys' fees;

C.     On Count IV creation of a common fund from which all PACA trust beneficiaries may be paid by entering an Order directing Fresh Growers to maintain PACA Trust Assets in the amount of $31,040.00, plus the claims of all other unpaid suppliers of produce that properly preserved their PACA trust claims, directing Fresh Growers to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims, and enjoining Fresh Growers from dissipating PACA Trust Assets;

D.     On Count V, an Order directing Fresh Growers to immediately pay Giumarra the sum of $31,040.00, plus interest from the date each invoice became past due, costs, and attorneys' fees;

E.      On Counts III through V, entry of Final Judgment in favor of Giumarra and against Fresh Growers, in the amount of $31,040.00, plus interest from the date each invoice became past due, costs, and attorneys' fees;

F.      On Count VI, entry of a Final Judgment in Giumarra's favor and against Yuval in the amount of $31,040.00, plus interest from the date each invoice became past due, costs, and attorneys' fees, less any monies Giumarra receives from the PACA Trust Assets;

G.      On Count VII, an Order directing Yuval disgorge any PACA Trust Assets in his possession or control to Giumarra to the extent of $31,040.00, plus interest from the date each invoice became past due, costs, and attorneys' fees, less any monies Giumarra receives from the PACA Trust Assets;

H.      On Count VII, entry of Judgment in favor of Giumarra and against Yuval for his breach of the personal guarantee in the amount of $31,040.00, plus interest from the date each invoice became past due, costs, and attorneys' fees; and

I.      Providing any and all such other relief as deemed appropriate by the Court upon consideration of this matter.

Respectfully submitted this Wednesday, April 12, 2017.

**MEUERS LAW FIRM, P.L.**

By:    /s/ Steven E. Nurenberg
       Steven E. Nurenberg (SN1208)
       5395 Park Central Court
       Naples, FL   34109
       Telephone: (239) 513-9191
       Facsimile:  (239) 513-9677
       snurenberg@meuerslawfirm.com

*Attorneys for Plaintiff, Giumarra Agricom International, Inc.*